UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JANICE WEDDLE<br>    Plaintiff,<br><br>v.<br><br>NELL HALL<br>6052 Hertiage Court<br>Charlestown, Indiana  47111<br><br>and<br><br>2209 Woodland Drive<br>Jeffersonville, Indiana  47130<br>(alternate address)<br>    Defendant. | CIVIL ACTION NO. 3:23-CV-71-CHB |

 Serve also:
  Kentucky Secretary of State
  Summonses Branch
  700 Capital Ave., Ste. 86
  Frankfort, KY 40601
  (with both service addresses)

## COMPLAINT FOR DAMAGES AND JURY DEMAND

*********

Plaintiff, Janice Weddle ("Plaintiff"), by and through undersigned counsel, brings her cause of action against Defendant, Nell Hall ("Defendant"), and states as follows:

### INTRODUCTION

1. This action is for monetary damages stemming from Defendant's unprovoked physical attack against Plaintiff. Defendant deliberately drove her four-wheeler into Plaintiff and

continuously struck Plaintiff. Plaintiff seeks compensatory and punitive damages for Plaintiff's physical injuries, pain and suffering, and emotional distress.

## PARTIES

2.  Plaintiff Janice Weddle, an individual, is domiciled in Kentucky and resides at 230 Shirl Nel Lane, Shepherdsville, Bullitt County, Kentucky 40165.

3.  Defendant Nell Hall, an individual, is domiciled in Indiana and resides at 6052 Heritage Court, Clark County, Charlestown, Indiana 47111 or 2209 Woodland Drive, Jeffersonville, Indiana 47130.  Defendant is amenable to service by personal service pursuant to Fed. R. Civ. P. 4(e)(2)(A) or (B) or pursuant to Fed. R. Civ. P. 4(e)(1) or (2)(c).

## JURISDICTION AND VENUE

4.  The Court has original diversity jurisdiction over this civil action under 28 U.S.C. § 1332 because (i) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and (ii) Plaintiff and Defendant are citizens of different states. 28 U.S.C. § 1332(a)(1).

5.  Jurisdiction over the person of the Defendant is proper pursuant to Kentucky's Long Arm Statute (KRS 454.210(a)(5)) as Defendant committed the tortious conduct described herein in Bullitt County, Kentucky.

6.  Venue is proper in the Western District of Kentucky under 28 U.S.C. §1391 because all Defendant's acts or omissions giving rise to Plaintiff's claims occurred in Bullitt County, Kentucky, which is located within the geographic area covered by the Western District of Kentucky.

## FACTS

7.  Plaintiff and Defendant were neighbors whose properties were adjacent to each other.

8. Plaintiff resided at 230 Shirl Nel Lane, Shepherdsville, Bullitt County, Kentucky 40165, while Defendant resided at 1521 Halls Lane, Shepherdsville, Bullitt County, Kentucky 40165.

9. Plaintiff's son is the record owner of 230 Shirl Nel Lane property. But for purposes of this Complaint and clarity, the Shirl Nel Lane Property at which Plaintiff resides is referred to as "Plaintiff's Property."

10. Although Plaintiff and Defendant were once friendly acquaintances, the parties' relationship soured at some point during the summer of 2021.

11. On numerous occasions prior to February 15, 2022, Defendant routinely stalked and harassed Plaintiff and Plaintiff's son.

12. The conduct referenced in paragraphs 10 and 11, included, but was not limited to, routine trespass incursions for the purpose of delivery of verbal attacks and insults, threats of violence or misuse of the legal process, and throwing trash and other debris onto Plaintiff's Property.

13. On February 15, 2022, Defendant was riding a four-wheeler recreational vehicle on her own property, but then intentionally trespassed onto Plaintiff's property.

14. Defendant was not authorized by anyone to be on Plaintiff's Property.

15. Plaintiff having been stalked and harassed before by Defendant, availed herself of the opportunity to record Defendant's trespassing and the attack described below.

16. Plaintiff began recording Defendant while Plaintiff was inside her house.

17. Defendant insulted and threatened Plaintiff while riding her four-wheeler on Plaintiff's Property and ignored Plaintiff's repeated demands to leave the property.

18. When Defendant drove into Plaintiff's carport, Plaintiff exited the house to observe what Defendant was doing in the carport.

19. Plaintiff witnessed Defendant throwing trash onto Plaintiff's car.

20. Suddenly, Defendant became more belligerent and charged Plaintiff while on the four-wheeler recreational vehicle.

21. Without justification or provocation, while speeding toward Plaintiff, Defendant grabbed the front of Plaintiff's shirt causing Plaintiff to slam into the side of the moving four wheeler and fall roughly to the ground.

22. Defendant proceeded to run over Plaintiff with the four wheeler.

23. Plaintiff became entangled with the moving four wheeler and was being dragged as Defendant continued to drive.

24. Plaintiff suffered severe physical injuries from being struck by the four-wheeler and being beaten by Defendant.

25. Plaintiff's injuries required medical treatment, including surgery, and as a result, Plaintiff incurred substantial medical expenses due to Defendant's actions.

26. As a result of Defendant's actions, Plaintiff experienced and continues to experience severe physical pain, suffering, and emotional trauma.

27. Plaintiff continues to receive medical treatment stemming from the injuries inflicted upon her by Defendant.

28. At the time of the attack, Plaintiff was 71 years old.

## COUNT I
### Civil Battery

29. Plaintiff incorporates by reference and reasserts each of the above paragraphs.

30. Defendant unlawfully and without consent or justification grabbed Plaintiff's shirt and caused her four-wheeler to slam into Plaintiff.

31. While Plaintiff lay injured on the ground, Defendant used the four wheeler to drag Plaintiff.

32. As detailed above, Defendant, without privilege or provocation, intentionally, maliciously, wantonly, or recklessly made numerous offensive and harmful contacts with Plaintiff.

33. Defendant's conduct constitutes the tort of battery.

34. Plaintiff has suffered bodily injuries; and intangible injuries such as mental anguish, pain and suffering, and emotional distress based upon Defendant's actions.

## COUNT II
### Civil Assault

35. Plaintiff incorporates by reference and reasserts each of the above paragraphs.

36. Before ramming her four-wheeler into Plaintiff, Defendant threatened to attack Plaintiff and assumed a threatening tone and posture by charging Plaintiff with the four-wheeler.

37. Plaintiff was reasonably apprehensive that an imminent harmful or offensive contact with Defendant would occur.

38. Defendant's aggressive behavior and conduct was intended to cause Plaintiff to believe a harmful or offensive contact was imminent.

39. Defendant committed the tort of assault.

40. Plaintiff has suffered bodily injuries; and has suffered intangible injuries such as mental anguish, pain and suffering, and emotional distress based upon Defendant's actions.

## COUNT III
### Intentional Infliction of Emotional Distress

41. Plaintiff incorporates by reference and reasserts each of the above paragraphs.

5

42. By threatening and taunting Plaintiff, driving her four-wheeler into Plaintiff, and beating Plaintiff, Defendant intended to cause Plaintiff extreme emotional distress.

43. Defendant's outrageous conduct against a senior citizen offends generally accepted standards of decency and morality.

44. Due to Defendant's actions, Plaintiff suffers from severe emotional distress that affects her daily life and requires significant treatment.

45. Defendant acted with evil intention and in total disregard for Plaintiff's safety.

46. Defendant committed the tort of intentional infliction of emotional distress or outrage.

47. Plaintiff has suffered bodily injuries; and intangible injuries such as mental anguish, pain and suffering, and emotional distress based upon Defendant's actions.

## COUNT IV – ALTERNATIVELY
### Negligence, Gross Negligence, Negligence Per Se

48. Plaintiff incorporates by reference and reasserts each of the above paragraphs.

49. If it could be determined that some of Defendant's conduct was not intentional, Defendant's operation of the four-wheeler that caused the vehicle to slam into Plaintiff, and inflict severe physical injury, was reckless and grossly negligent.

50. Defendant had a duty of ordinary care to act as a prudent person would under like or similar circumstance, including the duty not to negligently or necessarily injure Plaintiff.

51. Defendant did not act reasonably or prudently in her trespass, harassment and in her operation of the four-wheeler and therefore breached her duties to Plaintiff.

52. Additionally, the manner in which Defendant operated the four-wheeler manifests an extreme indifference to the value of Plaintiff's safety.

53. Defendant's conduct constitutes trespass, harassment, criminal assault and battery in violation of Kentucky criminal law.

54. As a violation of criminal law, Defendant breached her duty of care to Plaintiff and was negligent or grossly negligent.

55. Under K.R.S. § 446.070, "(a) person injured by the violation of any statute may recover from the offender such damages he sustained by the reason of the violation although a penalty or forfeiture is imposed for such violation."

56. Defendant knew or should have known that charging her four-wheeler at Plaintiff and striking her with the vehicle would cause serious injury or death to Plaintiff. By engaging in conduct, Defendant breached her obligation to not cause serious physical injury to Plaintiff.

57. Plaintiff suffered physical, mental, and emotional injuries caused by Defendant's actions.

58. Had Defendant not engaged in conduct manifesting extreme indifference to the value of Plaintiff's safety or life, she would not have suffered physical injuries.

59. Defendant was negligent or grossly negligent in her operation of the four-wheeler.

## COUNT VI
### Punitive Damages

60. Plaintiff incorporates by reference and reasserts each of the above paragraphs.

61. Defendant's conduct was negligent, grossly negligent, malicious, oppressive, wanton, or done with evil intent, thus entitling Plaintiff to punitive damages from Defendant.

**WHEREFORE**, Plaintiff demands the following relief:

1. Compensatory damages in an amount exceeding jurisdictional limits, to be determined at trial;

2. Punitive damages in an amount to be determined at trial;

7

3. Attorney fees, expenses, and court costs;

4. Post-judgment interest;

5. Trial by jury; and

6. Any and all other relief to which Plaintiff may be entitled.

                          Respectfully submitted,

                          */s/Christopher A. Bates*
                          CHRISTOPHER A. BATES
                          JOSEPH H. HADDAD
                          SEILLER WATERMAN LLC
                          Meidinger Tower – 22nd Floor
                          462 S. Fourth Street
                          Louisville, KY 40202
                          Phone: 502-584-7400
                          bates@derbycitylaw.com
                          haddad@derbycitylaw.com
                          *Counsel for Plaintiff, Janice Weddle*

*G:\doc\CAB\CIVILCASES\Weddle, Jan\Pleadings\Complaint.docx*